UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GILBERT RAMIRO GONZALEZ et al.,

                Plaintiff,                    Case No. 1:16-cv-888

v.                                          Honorable Janet T. Neff

J. NICHOLAS BOSTIC et al.,

                Defendants.

_____/

## OPINION

        This is a civil rights action brought by two federal prisoners ostensibly pursuant to 42 U.S.C. §§ 1983, 1985 and 1986, as well as 18 U.S.C. §§ 1961 and 1962, and 28 U.S.C. §§ 2672 and 2679.[1]  Plaintiffs have paid the full civil action filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A.  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

_____

[1]Because Plaintiff brings his case against a number of federal officials, in addition to a number of state officials and others, the Court considers that Plaintiff intends to bring his claims against the federal Defendants under *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971), rather than under § 1983.

## Factual Allegations

Plaintiff Gilbert Ramiro Gonzalez presently is incarcerated at the Oxford Federal Correctional Institution in Oxford, Wisconsin.  Plaintiff Rebecca Mora currently is housed at Coleman Medium Federal Correctional Satellite Camp in Coleman, Florida.  Plaintiffs sue private attorney J. Nicholas Bostic; federal agents (unknown) Bailey, Jason Evans, Scott Ellis, Greg Scrimger, Aaron Wieber, and other unknown individuals (Unknown Part(y)(ies) #4); Lansing Mayor Virg Bernero; the Lansing Police Department; the City of Lansing; the Special Tactics and Response Team (Unknown Part(y)(ies) #1); Special Operations Section (Unknown Part(y)(ies) #2); unknown members of the Uniform Patrol (Unknown Part(y)(ies) #3); unknown Lansing officials (Unknown Part(y)(ies) #5); and unknown Lansing police officers (Unknown Part(y)(ies) #6).

Plaintiffs complain that Defendants or their subordinates conducted a warrantless search of 1539 Lansing Ave., Lansing, Michigan, on May 8, 2010, because the warrant was not issued until May 10, 2010.  They claim that the search was conducted in violation of their rights under the Fourth and Fourteenth Amendments, as well as 42 U.S.C. §§ 1983, 1985, and 1986.  They further claim that the actions violated the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-62, apparently because they were part of a pattern of warrantless searches.  Further, Plaintiffs allege that attorney Bostic committed an intentional tort, purportedly in violation of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2672 and 2679,[2] by failing to raise

---

[2]Plaintiffs' citation to §§ 2672 and 2679 are unhelpful to his action, as those claims merely govern the procedures for bringing claims under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1).

the issues in this complaint in a prior § 1983 complaint filed in 2012. *See Gardner v. Evans*, No. 1:12-cv-1338 (W.D. Mich. 2015).[3]

## Discussion

### I.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is

---

[3]In Case No. 1:12-cv-1338, nine plaintiffs were represented by Defendant Attorney Bostic in a case under § 1983, which raised claims against individual Lansing police officers (including Defendant Ellis in this action) and the City of Lansing (also a Defendant in this action) based on a series of home searches, including the search at issue in this case. Although some of the plaintiffs in that action contested the validity of the warrants and searches, the claims made by the instant Plaintiffs were limited to claims of unlawful seizure by destruction (because of the damage caused during the search) and excessive force in the exercise of the search. In fact, Plaintiffs admitted in their amended complaint that Defendant Ellis sought and obtained a search warrant on May 8, 2010, in direct contravention to the allegations in this action. (*See* Am. Compl., 1:12-cv-1338 PageID.41.)

entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. §§ 1983, 1985, and 1986 or under *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971) (creating a private right of action against individual federal officers alleged to have violated a citizen's constitutional rights). *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, 1985 and 1986, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[4] In addition, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002).

---

[4]28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

- 4 -

In *Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 156 (1987), the Supreme Court established a four-year limitations period for civil RICO claims. Such claims accrue when the individual knows of his injury. *Rotella v. Wood*, 528 U.S. 549, 558-59 (2000).

Finally, the FTCA bars any tort claim against the United States unless it is presented in writing to the appropriate federal agency "within two years after such claim accrues." 28 U.S.C. § 2401(b). A claim accrues within the meaning of § 2401(b) when the plaintiff knows both the existence and cause of his injury. *United States v. Kubrick*, 444 U.S. 111, 115 (1979).

Plaintiffs' complaint is untimely under all of these statutes. Plaintiffs assert claims arising on March 8, 2010. However, they did not file the instant complaint until on or about July 11, 2016, well past the three-year limit for claims under §§ 1983, 1985, or 1986 and the four-year limit for RICO claims. Moreover, Plaintiffs utterly fail to allege that they ever submitted their tort claims to the agency responsible for Defendant Bostic's act, much less within two years of their injury.[5]

"If the allegations [of a complaint] show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007). As a consequence, Plaintiffs' complaint will be dismissed for failure to state a claim.

---

[5]Plaintiff's claims against Defendant Bostic also fail because he is a private attorney, not subject to suit as a state actor under 42 U.S.C. §§ 1983. Moreover, he is not an agent of the federal government subject to suit under the FTCA for the manner in which he handled *Gardner v. Evans*, No. 1:12-cv-1338 (W.D. Mich. 2015). Plaintiffs' claims against the remaining Defendants also likely are barred by the doctrine claim preclusion or res judicata, which provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994); *see also Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982).

**<u>Conclusion</u>**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiffs' action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiffs appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiffs are barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If they are barred, they will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  September 19, 2016            /s/ Janet T. Neff
                                      Janet T. Neff
                                      United States District Judge

- 6 -